IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JAMES JENKINS III,

                                          ORDER

                Plaintiff,

                                          09-cv-323-bbc

     v.

WISCONSIN RESOURCE CENTER,
BYRON BARTOW and PCT'S,

              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff James Jenkins III seeks leave to proceed <u>in forma pauperis</u> in this case brought under 42 U.S.C. § 1983. In a previous order, I concluded that plaintiff was indigent and I directed him to make an initial partial payment under 28 U.S.C. § 1915(b)(1), which the court has received. (Plaintiff is located at the Wisconsin Resource Center, which houses both prisoners and patients. In the order assessing his initial partial payment, I assumed that plaintiff was a prisoner. He has not objected to that designation.) Because plaintiff is a prisoner, I am required under the 1996 Prison Litigation Reform Act to screen his complaint and dismiss any claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted or ask for money damages from a defendant who by law

1

cannot be sued for money damages. 28 U.S.C. § 1915A.

Having reviewed plaintiff's complaint, I conclude that he may not proceed at this time because he has not complied with the Federal Rules of Civil Procedure. First, two of the three defendants plaintiff names in the caption of his complaint are not suable entities. The Wisconsin Resource Center is a building; plaintiff says that "PCT's" is an abbreviation for "psychiatric care technicians." However, neither a group of people nor a building can be sued; each defendant must be an individual or legal entity that may accept service of a complaint. Fed. R. Civ. P. 4(e)-(j).

This leaves defendant Byron Bartow, someone plaintiff does not mention by name in the body of his complaint. Under Fed. R. Civ. P. 8, a defendant is entitled notice of the claims the plaintiff has brought against him. If a plaintiff does not include allegations in his complaint identifying what the defendant did that violated his rights, the defendant is unable to respond to the complaint.

I know from other cases filed in this court that Bartow is (or at least was) the director of the Wisconsin Resource Center. In his complaint, plaintiff says that he wrote to "the director" about problems that he was having. However, even if I assume that plaintiff is referring to defendant Bartow, he has not complied with Rule 8 because he does not describe the issues he complained about or "the director's" response to those concerns. He says that he wrote to the director because he had "been treated cruel and unusual and slandered."

2

These allegations are too vague to provide notice. Plaintiff must identify the treatment he received that he believes is "cruel and unusual."

In the rest of his complaint, plaintiff includes more general allegations that there is a "conspiracy" among the "staff" to "retaliate" against him. Again, he does not describe the conduct that forms the basis for this allegation.

The closest plaintiff comes to complying with Rule 8 is his allegation that he was "attac[ked]" by another inmate, who was ordered to do so by a technician named James Freeman. However, because plaintiff did not include Freeman's name in the caption of his complaint, I cannot allow him to proceed. Myles v. United States, 416 F.3d 551, 551 (7th Cir. 2005) ("The body of the complaint mentions several federal employees, but to make someone a party the plaintiff must specify him in the caption."); Fed. R. Civ. P. 10(a). Bartow may not be held liable for the conduct of another employee, even if Bartow is Freeman's supervisor. Burks v. Raemisch, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.")

Further, plaintiff does not explain the nature of the "attack." In a response from an inmate complaint examiner that plaintiff attaches to his complaint, the examiner summarizes plaintiff's grievance as accusing Freeman of "calling him names" and "tell[ing] other inmates to cause him harm." This suggests that plaintiff has been threatened but not assaulted.

3

If plaintiff wishes to proceed with claims against Freeman or anyone else, he must file a complaint that complies with Rule 8. In particular, he should draft his amended complaint as if he is telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the *facts* that form the basis for plaintiff's claims?
- What did each defendant do that makes him liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

If plaintiff fails to cure the defects in his complaint, I will dismiss the case.

ORDER

IT IS ORDERED that plaintiff James Jenkins III's complaint is DISMISSED for plaintiff's failure to comply with the Federal Rules of Civil Procedure. Plaintiff may have until July 8, 2009 to file an amended complaint that provides adequate notice of his claims. If he fails to respond by that date, I will direct the clerk of court to close the case.

Entered this 23rd day of June, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge