IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES JENKINS III,

                            Plaintiff,                                      ORDER

    v.

                                                                                 09-cv-323-wmc

JAMES FREEMAN,

                            Defendant.

---

A telephone status conference was held in this case before District Judge William M. Conley. Assistant Attorney General John Glinksi appeared for defendant James Freeman. Plaintiff James Jenkins III appeared on his own behalf. The court held the conference to determine the best way to proceed after the parties briefed Freeman's motion for summary judgment, but neither side provided a full factual context underlying Jenkins'claim.

The gist of Jenkins' claim is that Freeman, a staff member at the prison, encouraged other prisoners to attack Jenkins. In responding to Freeman's motion for summary judgment and Freeman's accompanying affidavit denying doing this, Jenkins failed to come forward with any admissible evidence. Instead, he provided a single, unsworn document that he called "Respon[s]e to Defendants[']s Proposed Findings of Fact." In that document, Jenkins wrote that he disputed "all of James Freeman['s] proposed facts . . . . [and that Freeman] was the one saying all these slanderous things and coaching the inmates to cause me harm." Dkt. #30, at 1. The only example of a "slanderous thing" Jenkins identified, however, was an allegation that Freeman told other prisoners that Jenkins "was a fag." *Id.* at 2. Even with respect to that allegation, he did not explain how he knew that Freeman had made that statement, when he made it or to whom it was made.

Jenkins offered during Monday's telephone conference more specific information of Freeman's alleged misconduct that Jenkins claims to have personally witnessed. For example, Jenkins stated that he overheard Freeman asking another prisoner in the laundry room to fight Jenkins. The court cannot, however, consider for the purpose of summary judgment that example or any other information provided during the telephone

conference unless it is submitted in the form of a sworn statement.

Because Jenkins is representing himself, has not litigated in this court before, and has made an effort to provide opposing facts – some of which suggest the possibility of a material, factual dispute – the court will give him one more opportunity to submit any affidavits and other materials he believes would support his claim. *Lovelace v. Dall*, 820 F.2d 223, 228 (7th Cir. 1987) (noting "the leniency given to pro se litigants on procedural matters"). In doing so, Jenkins should correct specific short comings in his current summary judgment response.

First, Jenkins cannot defeat Freeman's motion for summary judgment unless he submits evidence that complies with Federal Rule of Civil Procedure 56. For example, if Jenkins wishes to rely on his own allegations as evidence, those allegations must be sworn under oath. At the bottom of his document, assuming he is prepared to so attest, he must write "I declare under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746. In addition, each paragraph of the declaration should be numbered separately. He should include specific facts discussed at the telephone conference, as well as any other facts that he knows personally and that are relevant to show that Freeman subjected Jenkins to a substantial risk of serious harm. He should write his declaration in chronological order; that is, he should start his declaration with relevant events that occurred first and then continue on with later events until he describes the most recent relevant event. If plaintiff chooses to submit affidavits from others, they should follow the same basic format.

Second, Rule 56 requires that Jenkins come forward with "specific facts" showing that he has sufficient evidence to prevail on his claim. This means that it is not enough for Jenkins to state generally that Freeman said "slanderous things" or even that he was "coaching the inmates to cause [him] harm." Rather, he must provide enough detail to permit a reasonable jury to find that Freeman violated his rights. *Schacht v. Wisconsin Dept. of Corrections*, 175 F.3d 497, 504 (7th Cir. 1999) ("Summary judgment is not a dress rehearsal or practice run; it is the. . . [moment] when a party must show what evidence it has that would convince a trier of fact to accept its version of the events."). In particular, Jenkins must give specific, detailed examples of

everything that Freeman said and did that is relevant to this case, explain how he knows that Freeman said and did these things, identify when Freeman said them, where he said them and to whom he said them. In addition, Jenkins should describe any harm he suffered because of anything Freeman said or did, including (to the extent he knows) the relationship between Freeman and the inmate who actually attacked him, what precipitated the attack and the extent of his actual injuries. In other words, *Jenkins should write his declaration as if he were telling a story to someone who knows nothing about it.*

Following any further submission by plaintiff, Freeman will be given the opportunity to file supplemental affidavits and/or a reply brief.

If they so choose, either party may also address in their supplemental submissions the effect, if any, that Jenkins' transfer to the Green Bay Correctional Institution may have on this case.

ORDER

IT IS ORDERED that:

(1) Plaintiff James Jenkins may have until June 22, 2010 to file a declaration or any other supplemental materials in support of his claim; and

(2) Defendant James Freeman may have until July 2, 2010, to file his reply to Jenkins' supplemental materials. If Jenkins does not file any new materials by June 22, defendant's motion for summary judgment will be considered on the current record. Otherwise, the record will be closed following defendant's supplemental submission.

Entered this 9th day of June, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

3